United States District Court
Southern District of Texas

**ENTERED**
September 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Castlepoint National Insurance Company, § § § | |
| Plaintiff, § § | |
| versus § § | Civil Action H-15-462 |
| Addicks Services, Inc., *et al.*, § § | |
| Defendants. § | |

# Opinion on Judgment

1. *Introduction.*

    A surety issued a payment bond for a contractor after the contractor agreed to indemnify it. The surety sued the contractor to recover expenses it incurred paying claims on the bond. The contractor is liable for all the expenses sought by the surety.

2. *Indemnity.*

    Addicks Services, Inc., DBN Holdings, David B. Norris, Patricia A. Norris, C. Nelson Barfield, Jr., and Janice Barfield indemnified Castlepoint National Insurance Company for a payment bond issued on Addicks's behalf. The bond covered Addicks's work on storage ponds at the storage terminal of Targa Downstream, L.C.C., in Mont Belvieu, Texas.

    The indemnity covered losses and expenses relating to claims on the bonds, including costs and attorneys' fees. If a claim was made and Castlepoint asked for additional collateral, Addicks agreed to deposit it immediately. If Addicks did not, Castlepoint obtained a right to its claims or causes of action arising from the construction of the storage ponds.

    The parties agreed that vouchers or other evidence of Castlepoint's payments are *prima facie* evidence of Addicks's liability.

3. *Bond Claims.*

Addicks's subcontractors made claims against the payment bonds because it had not paid them. Castlepoint demanded additional collateral of $746,551.25 from Addicks. It did not pay the additional collateral.

Castlepoint investigated and settled the subcontractors' claims, paying $676,014.27 to them and $110,506.59 in attorneys' fees and costs.

Addicks sued Targa for misrepresentations it had made to Addicks about the project. Castlepoint assumed Addicks's position in the suit and settled its claims against Targa for $326,674.61.

A court-appointed receiver in a separate case between Addicks and a supplier demanded the Targa settlement funds to satisfy an unrelated outstanding judgment against Addicks. Castlepoint settled with the receiver, paying $50,000 to the receiver and $11,693.50 in attorneys' fees and costs.

4. *Application.*

Castlepoint has paid $848,214.36 on the bond. Under the indemnity, this is *prima facie* evidence of Addicks's liability.

Addicks says that Castlepoint should not have paid $61,693.50 – the amount of the settlement with the receiver plus attorneys' fees and costs – because the receiver's claims were not related to the bond.

By virtue of Addicks's refusal to pay additional collateral after the subcontractors brought their claims, Castlepoint obtained a right to Addicks's lawsuit against Targa. The receiver tried to take the settlement. Castlepoint's settlement of the receiver's claim, therefore, was related to the bond.

Addicks does not genuinely dispute Castlepoint's payment of $848,214.36 on the bond or its obligation to indemnify Castlepoint. Castlepoint has already received $326,674.61 from the Targa settlement. Castlepoint will take $521,539.75 from Addicks.

5. *Attorneys' Fees.*

Castlepoint is entitled to the reasonable attorneys' fees it spent on this suit. In determining whether fees are reasonable the court looks to the local market and considers the: (a) required time and skill; (b) attorneys' burdens; (c)

customary fee; (d) size of the demand and award; (e) time constraints; (f) relationship with the client; (g) attorneys' quality; and (h) whether the fee is fixed or contingent.

Castlepoint says that it spent $45,294 in attorneys' fees in this suit. It attaches testimony of an attorney who worked on the case listing the work he and other attorneys at his firm did, explaining the rates that attorneys at his firm charge, and swearing that the amount claimed is reasonable given the factors.

Addicks says his testimony is inadequate because it does not specify the amount of time each attorney spent on each task and when they worked. It says it cannot contest the reasonableness of Castlepoint's fees without more specific information.

From the information provided, using simple math, Addicks could conclude that attorneys who bill between $145 and $345 per hour spent between one hundred and three hundred hours talking to the client and opposing counsel, appearing at four pretrial conferences, reviewing client files, and writing correspondence, pleadings, and motions.

Addicks does not genuinely dispute the reasonableness of Castlepoint's attorneys' fees. Castlepoint will take $45,294 in attorney's fees from Addicks.

6. *Conclusion.*

Castlepoint will take $566,833.75 from Addicks, David Norris, DBN Holdings, Patricia Norris, C. Nelson Barfield, Jr., and Janice Barfield jointly and severally.

Signed on September 28, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge